**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE A. RODRIGUEZ,

 Plaintiff,

v.                Case No: 8:14-cv-945-T-30TGW

HSBC BANK USA, N.A.,

 Defendant.
_____

## **ORDER**

In this employment discrimination case, the Court previously granted summary and final judgment in favor of Defendant HSBC Bank USA, N.A. Now before the Court is HSBC's Motion to Tax Costs (Dkt. 45) as authorized by 28 U.S.C. § 1920. The motion seeks taxation of costs in the amount of $10,184.93. For the reasons explained below, the motion will be granted in part.

### **STANDARD FOR AWARDING COSTS**

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use

in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.  *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S. Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

## DISCUSSION

HSBC prevailed in this case and requests costs in the amount of $10,184.93. Comprised in this total are the following: (1) $283.00 for printing and photocopying necessary documents; (2) $400 for a court-filing fee; (3) $240.28 for deposition witness fees; and (4) $9,261.65 for deposition costs associated with five different deponents. Attached to its motion, HSBC submits invoices, receipts, and the affidavit of counsel as support for its request. (Dkt. 45, Exs. 1-2).

The Court finds that these costs are reasonable and will award them—with one exception. Among the costs detailed in HSBC's motion and supporting evidence, $2,162.90 is connected to the deposition of Gregory Clark. Yet in seeking and obtaining summary judgment, HSBC never once cited the deposition of Clark and in fact never filed even a portion of Clark's deposition with the Court for any reason. HSBC's motion does not provide an argument for why, specifically, Clark's deposition was necessary and thus why the cost for it should be taxed. Without such an argument on the point, the Court cannot conclude that the deposition was essential to HSBC's trial preparation *See U.S.*

*E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) ("The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'") (quoting 28 U.S.C. § 1920(2)). Accordingly, the Court will deduct the costs associated with that deposition ($2,162.90) from the amount HSBC has requested ($10,184.93). *See W&O, Inc.*, 213 F.3d at 621 ("We will not reverse the district court's taxation of deposition costs absent an abuse of discretion."). This calculation entitles HSBC to $8,022.03 in total costs.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant HSBC Bank USA, N.A.'s Motion for Taxation of Costs (Dkt. 45) is GRANTED in part.

2. Defendant HSBC Bank USA, N.A. is entitled to costs in the amount of $8,022.03.

3. The Clerk of Court is directed to enter a Bill of Costs in the amount of $8,022.03 in favor of Defendant HSBC Bank USA, N.A. and against Plaintiff Jose Rodriguez.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of January, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record